No. 3067.

CHARLES E. ALTER *v.* JOHN MCDOUGAL et als.

The written acknowledgment of a debt need not be stamped before it can be received in evidence.

In this instance, the note described in the act acknowledging the indebtedness, and interrupting prescription as alleged, is not sufficiently identified as the one sued upon—which it was incumbent on the plaintiff to show. It was his duty to make out his case positively and he has not done so.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. W. W. King* and *Gustavus Schmidt,* for plaintiff and appellee. *T. J. Semmes,* for defendants and appellants.

MORGAN, J. This is a suit on a promissory note. The defense is a general denial, and the prescription of five years.

Defendants objected to the introduction of the document B, signed by B. Arlington, Bennett & Co., in liquidation, per R. L. Arlington, dated sixteenth October, 1866, which acknowledges the indebtedness, and thus interrupts prescription, on the ground that the United States revenue stamp was not affixed thereto. We do not consider that the written acknowledgment of a debt must be stamped before it can be received in evidence. The opinion to which we have arrived upon another branch of the case renders it unnecessary for us to consider the other bills of exception.

The note described in the acknowledgment (B) is not identified as the note which is sued on. The note described in that document is said to be a note due on the first and fourth December, 1861, the date of the making of the note not being given, while the note sued on is dated fourth December, 1861, and is payable six months after date, say fourth June, 1862, and there is nothing in the record, except that the sum mentioned in each note is the same, to identify the one with the other. This we think it was incumbent upon the plaintiff to show. It was his duty to make out his case positively, and he has not done so.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed, and that there be judgment in favor of the defendants as in case of non-suit, plaintiff to pay the costs in both courts.

Rehearing refused.